UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-cv-81222-DMM

MARY MCLEAN, individually and on
behalf of all others similarly situated,

       Plaintiff,

v.

BRETT A. OSBORN, D.O., PLLC, a
professional limited liability company

       Defendant.

_____/

## ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AND CERTIFYING THE SETTLEMENT CLASS

THIS CAUSE comes before the Court on Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement, filed on March 25, 2019. (DE 37). Plaintiff Mary Mclean ("Plaintiff") initiated this action on September 13, 2018, alleging, on behalf of herself and a class of similarly situated persons, two counts of TCPA violations against Defendant Brett A. Osborn, D.O. PLLC ("Osborn"). The Parties reached a settlement after a mediation conference, and Plaintiff now moves, with Defendant's consent, for an order granting preliminary approval of the class action settlement set forth in the Parties' Settlement Agreement (DE 37-1), certifying a class for settlement purposes, and providing notice to the Settlement Class.

Upon consideration of the Motion, the Settlement and all exhibits thereto, the record in these proceedings, the representations and recommendations of counsel, and the requirements of law, the Court finds that: (1) this Court has jurisdiction over the subject matter and the Parties to this Action; (2) the proposed Settlement Class meets the requirements of Federal Rule of Civil

Procedure 23 and should be certified for settlement purposes only; (3) the persons and entities identified below should be appointed Class Representative and Class Counsel; (4) the Settlement is the result of informed, good-faith, arm's-length negotiations between the Parties and their capable and experienced counsel, and is not the result of collusion; (5) the Settlement is within the range of reasonableness and should be preliminarily approved; (6) the proposed Notice program and proposed forms of Notice satisfy Federal Rule of Civil Procedure 23 and constitutional due process requirements, and are reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, class certification, the terms of the Settlement, Class Counsel's application for an award of attorneys' fees and expenses ("Fee Application") and request for a Service Award for Plaintiff, and their rights to opt-out of the Settlement Class or object to the Settlement, Class Counsel's Fee Application, and/or the request for a Service Award for Plaintiff; (7) good cause exists to schedule and conduct a Final Approval Hearing, pursuant to Federal Rule of Civil Procedure 23(e), to assist the Court in determining whether to grant Final Approval of the Settlement and enter the Final Approval Order, and whether to grant Class Counsel's Fee Application and request for a Service Award for Plaintiff; and (8) the other related matters pertinent to the Preliminary Approval of the Settlement should also be approved.

In light of the foregoing, it is

**ORDERED AND ADJUDGED** as follows:

1.      As used in this Preliminary Approval Order, unless otherwise noted, capitalized terms shall have the definitions and meanings accorded to them in the Settlement.

2.      The Court has jurisdiction over the subject matter and Parties to this proceeding pursuant to 28 U.S.C. §§ 1331, 1332.

3.      Venue is proper in this District.

**Provisional Class Certification and Appointment of Class Representative and Class Counsel**

4.      It is well established that "[a] class may be certified solely for purposes of settlement [if] a settlement is reached before a litigated determination of the class certification issue." *Borcea v. Carnival Corp.*, 238 F.R.D. 664, 671 (S.D. Fla. 2006) (internal quotation marks omitted). In deciding whether to provisionally certify a settlement class, a court must consider the same factors that it would consider in connection with a proposed litigation class – *i.e.*, all Rule 23(a) factors and at least one subsection of Rule 23(b) must be satisfied – except that the Court need not consider the manageability of a potential trial, since the settlement, if approved, would obviate the need for a trial. *Id.*; *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

5.      As detailed in the following paragraphs, the Court finds, for settlement purposes only, that the Federal Rule of Civil Procedure 23 factors are present and that certification of the proposed Settlement Class is appropriate under Rule 23.   The Court therefore provisionally certifies the following Settlement Class:

> All individuals (within or outside of the United States) (i) who were sent one or more text messages or voicemail messages (ii) on his or her cellular telephone  (iii) by or on behalf of Osborn, (iv) from September 13, 2014 through the date of Final Approval.

6.      The  following are excluded from the Settlement Class: (1) the trial judge presiding over this case; (2) Osborn, as well as any parent, subsidiary, affiliate or control person of Osborn, and the officers, directors, agents, servants or employees of Osborn; (3) any of the Released Parties; (4) the immediate family of any such person(s); (5) any Settlement Class member who has timely opted-out of this proceeding; and (6) Plaintiff's Counsel and their employees.

7.      Specifically, the Court finds, for settlement purposes and conditioned on final certification of the proposed class and on the entry of the Final Approval Order, that the Settlement Class satisfies the following factors of Federal Rule of Civil Procedure 23:

3

(a)      Numerosity: In the Action, over 8,000 individuals are members of the proposed Settlement Class. The proposed Settlement Class is thus so numerous that joinder of all members is impracticable.  The following are excluded from the Settlement Class:  (1) the trial judge presiding over this case; (2) Osborn, as well as any parent, subsidiary, affiliate or control person of Osborn, and the officers, directors, agents, servants or employees of Osborn; (3) any of the Released Parties; (4) the immediate family of any such person(s); (5) any Settlement Class Member who has timely opted out of this proceeding; and (6) Plaintiff's Counsel and their employees.

(b)      Commonality: "[C]ommonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury,'" and the plaintiff's common contention "must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349–50 (2011) (citation omitted).  Here, the commonality requirement is satisfied.  Multiple questions of law and fact centering on Defendant's class-wide practices are common to the Plaintiff and the Settlement Class, are alleged to have injured all members of the Settlement Class in the same way, and would generate common answers central to the viability of the claims were this case to proceed to trial.

(c)      Typicality: The Plaintiff's claims are typical of the Settlement Class because they concern the same alleged Defendant's practices, arise from the same legal theories, and allege the same types of harm and entitlement to relief.  Rule 23(a)(3) is therefore satisfied. *See Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984) (typicality satisfied where claims "arise from the same event or pattern or practice and are based on the same legal theory"); *Murray v. Auslander*, 244 F.3d 807, 811 (11th Cir. 2001) (named plaintiffs are

4

typical of the class where they "possess the same interest and suffer the same injury as the class members").

(d)        Adequacy: Under Rule 23(a)(4), "adequacy" relates to: (1) whether the proposed class representatives have interests antagonistic to the class; and (2) whether the proposed class counsel has the competence to undertake the litigation at issue. *Kirkpatrick v. J.C. Bradford & Co.*, 827 F.2d 718, 726–28 (11th Cir.1987).  Here, Rule 23(a)(4) is satisfied because there are no conflicts of interest between the Plaintiff and the Settlement Class, and Plaintiff has retained competent counsel to represent him and the Settlement Class.  Class Counsel regularly engage in consumer class litigation, complex litigation, and other litigation similar to this Action, and have dedicated substantial resources to the prosecution of the Action.  Moreover, the Plaintiff and Class Counsel appear to have competently represented the Settlement Class in the Action.  *See Lyons v. Georgia-Pacific Corp. Salaried Employees Rel. Plan*, 221 F.3d 1235, 1253 (11th Cir. 2000).

(e)        Predominance and Superiority: Rule 23(b)(3) requires that common questions of fact and law must predominate such that they "ha[ve] a direct impact on every class member's effort to establish liability that is more substantial than the impact of individualized issues in resolving the claim or claims of each class member." *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1270 (11th Cir. 2009) (internal quotation omitted, alteration in original).  Rule 23(b)(3) is satisfied here because the common legal and alleged factual issues here predominate over individualized issues, and resolution of the common issues for the members of the Settlement Class in a single, coordinated proceeding is superior to thousands of individual lawsuits addressing the same legal and factual issues.  In a liability determination, those common issues would predominate over any issues that are unique to individual members

of the Settlement Class. Moreover, each member of the Settlement Class has claims that arise from the same or similar alleged practices as well as the same legal theories.

8.      The Court appoints Plaintiff Mary Mclean as Class Representative.

9.      The Court appoints the following people and firms as Class Counsel: Scott A. Edelsberg of Edelsberg Law, P.A.; Andrew J. Shamis of Shamis and Gentile, P.A., and Manuel S. Hiraldo of Hiraldo P.A.

10.     The Court recognizes that, in the event the Settlement does not become Final for any reason, Defendant reserves all of its defenses and objections against and rights to oppose any request for class certification, and that Defendant also reserves its defenses to the merits of the claims.

**Preliminary Approval of the Settlement**

11.     At the preliminary approval stage, the Court's task is to evaluate whether the Settlement is within the "range of reasonableness." 4 *Newberg on Class Actions* § 11.26. "Preliminary approval is appropriate where the proposed settlement is the result of the parties' good faith negotiations, there are no obvious deficiencies and the settlement falls within the range of reason." *Smith v. Wm. Wrigley Jr. Co.*, 2010 WL 2401149, at *2 (S.D. Fla. Jun. 15, 2010). Settlement negotiations that involve arm's length, informed bargaining with the aid of experienced counsel support a preliminary finding of fairness. *See Manual for Complex Litigation,* Third, § 30.42 (West 1995) ("A presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery.") (internal quotation marks omitted).

12.     The Court preliminarily approves the Settlement, together with all exhibits thereto, as fair, reasonable, and adequate. The Court finds that the Settlement was reached in

the absence of collusion, is the product of informed, good-faith, arm's-length negotiations between the Parties and their capable and experienced counsel. The Court further finds that the Settlement, including the exhibits thereto, is within the range of reasonableness and possible judicial approval, such that: (a) a presumption of fairness is appropriate for the purposes of preliminary settlement approval; and (b) it is appropriate to effectuate notice to the Settlement Class, as set forth below and in the Settlement, and schedule a Final Approval Hearing to assist the Court in determining whether to grant Final Approval to the Settlement and enter a Final Approval Order.

**Approval of Class Notice and the Claims Process**

13.     The Court approves the form and content of the Class notices and Claims Form, substantially in the forms attached as Exhibits 1-4 to the Settlement. The Court further finds that the Class Notice program described in the Settlement is the best practicable under the circumstances.  The Class Notice program is reasonably calculated under the circumstances to inform the Settlement Class of the pendency of the Action, certification of a Settlement Class, the terms of the Settlement, Class Counsel's Fee Application and the request for Service Award for Plaintiff, and their rights to opt-out of the Settlement Class or object to the Settlement.  The Class notices and Class Notice program constitute sufficient notice to all persons entitled to notice.  The Class notices and Class Notice program satisfy all applicable requirements of law.

14.     Epiq Class Action & Claims Solutions, Inc. shall serve as the Administrator.

15.     The Administrator shall implement the Class Notice program, as set forth below and in the Settlement, using the Class notices substantially in the forms attached as Exhibits 1-3 to the Settlement and approved by this Preliminary Approval Order.  Notice shall be provided to the members of the Settlement Class pursuant to the Class Notice program, as specified in the

Settlement and approved by this Preliminary Approval Order.  The Class Notice program shall include, to the extent necessary, Email Notice, Mailed Notice, Online Notice, and Long-Form Notice, as set forth in the Settlement and below.

### *Email Notice and Mailed Notice*

16.    The Email Notice Program shall be completed no later than 70 days before the Final Approval Hearing.

17.    The Administrator shall administer Mail Notice as set forth in the Settlement. Mail Notice shall be completed no later than 45 days before the Final Approval Hearing.

### *Settlement Website and Online Notice*

18.    The Administrator shall establish a Settlement Website as a means for Settlement Class members to obtain notice of, and information about, the Settlement. The Settlement Website shall be established as soon as practicable following Preliminary Approval, but no later than before commencement of the Class Notice program.  The Settlement Website shall include an online portal to file Claim Forms, hyperlinks to the Settlement, the Long-Form Notice, the Preliminary Approval Order, and other such documents as Class Counsel and counsel for Defendant agree to include.

19.    The Administrator is directed to perform all substantive responsibilities with respect to effectuating the Class Notice program, as set forth in the Settlement.

## **Final Approval Hearing, Opt-Outs, and Objections**

20.    A Final Approval Hearing shall be held before this Court on **December 5, 2019 at 1 p.m.** to determine whether to grant Final Approval to the Settlement and to enter a Final Approval Order, and whether Class Counsel's Fee Application and request for a Service Award for the Class Representative should be granted.  The hearing shall take place at the United States

District Court at 701 Clematis Street, Second Floor, Courtroom 7, West Palm Beach, Florida.

21.    Any person within the Settlement Class who wishes to be excluded from the Settlement Class may exercise their right to opt-out of the Settlement Class by following the opt-out procedures set forth in the Settlement and in the Notices at any time during the Opt-Out Period. To be valid and timely, opt-out requests must be received by all those listed in the Long-Form Notice on or before the last day of the Opt-out Period, which is 30 days before the Final Approval Hearing ("Opt-Out Deadline"), and mailed to the addresses indicated in the Long Form Notice.

22.    Any Settlement Class Member may object to the Settlement, Class Counsel's Fee Application, or the request for a Service Award for Plaintiff.  Any such objections must be mailed to the Clerk of the Court, Class Counsel, and Defendant's Counsel, at the addresses indicated in the Long-Form Notice.  For an objection to be considered by the Court, the objection must be postmarked no later than 30 days before the Final Approval Hearing, as set forth in the Notice. To be valid, an objection must include the following information:

    a.  the name of the Action;

    b.  the objector's full name, address, and telephone number;

    c.  an explanation of the basis upon which the objector claims to be a Settlement Class Member;

    d.  all grounds for the objection, accompanied by any legal support for the objection known to the objector or his counsel;

    e.  the number of times in which the objector has objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the objector has made such an objection, and a copy of any orders

related to or ruling upon the objector's prior such objections that were issued by the trial and appellate courts in each listed case;

f.  the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or Fee Application;

g.  a copy of any orders related to or ruling upon counsel's or the counsel's law firm's prior objections made by individuals or organizations represented by that were issued by the trial and appellate courts in each listed case in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the preceding 5 years;

h.  any and all agreements that relate to the objection or the process of objecting— whether written or oral—between objector or objector's counsel and any other person or entity;

i.  the identity of all counsel (if any) representing the objector who will appear at the Final Approval Hearing;

j.  a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing;

k.  a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection; and

l.  the objector's signature (an attorney's signature is not sufficient).

**Further Papers in Support of Settlement and Attorney's Fee Application**

23.    Plaintiff and Class Counsel shall file their Motion for Final Approval of the Settlement, Fee Application and request for a Service Award for Plaintiff, no later than October 21, 2019, which is 45 days before the Final Approval Hearing.

24.     Plaintiff and Class Counsel shall file their responses to timely filed objections to the Motion for Final Approval of the Settlement, the Fee Application and/or request a Service Award for Plaintiff no later than November 20, 2019, which is 15 days before the Final Approval Hearing.

## Effect of Failure to Approve Settlement

25.     If the Settlement is not finally approved by the Court, or for any reason the Parties fail to obtain a Final Approval Order as contemplated in the Settlement, or the Settlement is terminated pursuant to its terms for any reason, then the following shall apply:

(a)     All orders and findings entered in connection with the Settlement shall become null and void and have no further force and effect, shall not be used or referred to for any purpose whatsoever, and shall not be admissible or discoverable in any other proceeding;

(b)     Nothing in this Preliminary Approval Order is, or may be construed as, any admission or concession by or against Defendant or Plaintiff on any point of fact or law; and

(c)     Neither the Settlement terms nor any publicly disseminated information regarding the Settlement, including, without limitation, the Class Notice, court filings, orders and public statements, may be used as evidence.  In addition, neither the fact of, nor any documents relating to, either Party's withdrawal from the Settlement, any failure of the Court to approve the Settlement and/or any objections or interventions may be used as evidence.

## Stay/Bar of Other Proceedings

26.     All proceedings in the Action are stayed until further order of the Court, except as may be necessary to implement the terms of the Settlement.  Pending final determination of whether the Settlement should be approved, Plaintiff, all persons in the Settlement Class, and persons purporting to act on their behalf are enjoined from commencing or prosecuting (either

directly, representatively or in any other capacity) against any of the Released Parties any action or proceeding in any court, arbitration forum or tribunal asserting any of the Released Claims.

37.    Based on the foregoing, the Court sets the following schedule for the Final Approval Hearing and the actions which must take place before and after it:

| Event | Date | Timeline |
|---|---|---|
| Deadline for Email and Online Notice | September 26, 2019 | 70 days before the Final Approval Hearing |
| Deadline for Completion of Mailed Notice | October 21, 2019 | 45 days before the Final Approval Hearing |
| Deadline for filing Motion for Final Approval of the Settlement and Class Counsel's Fee Application and expenses, and for a Service Award | October 21, 2019 | 45 days before the Final Approval Hearing |
| Deadline for opting-out of the Settlement and for submission of Objections | November 5, 2019 | 30 days before the Final Approval Hearing |
| Deadline for Responses to Objections | November 20, 2019 | 15 days before the Final Approval Hearing |
| Final Approval Hearing | December 5, 2019 | |
| Last day Class Claimants may submit a Claim Form | December 20, 2019 | 15 days after the Final Approval Hearing |

**SIGNED** in Chambers in West Palm Beach, Florida this 19 day of August, 2019.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

cc:    Counsel of Record