### UNITED STATES DISTRICT
### COURT SOUTHERN DISTRICT OF
### FLORIDA

#### Case No. 18-cv-81222-DMM

MARY MCLEAN, individually
and on behalf of all others
similarly situated,

        Plaintiff,

v.

BRETT A. OSBORN, D.O., PLLC,
a professional limited liability company,

        Defendant.

_____/

### ORDER

THIS CAUSE comes before the Court on Plaintiff's and Class Counsel's Unopposed Motion for Final Approval of Class Settlement and Application for Service Award and Attorneys' Fees, filed on October 21, 2019. (DE 42). A Final Approval Hearing was held on December 5, 2019, at which time I heard arguments on the Motion. For the following reasons, the Motion is granted in part.

In this class action lawsuit, filed on September 13, 2018, Plaintiff Mary Mclean alleged that Defendant Brett O. Osborn D.O., PLLC violated the Telephone Consumer Protection Act ("TCPA"). Plaintiff filed a motion for class certification on January 25, 2019. (DE 28). However, before Defendant responded, the Parties notified the Court that this case settled. (DE 34; DE 35). Upon Plaintiff's subsequent motion (DE 37), I preliminarily approved the proposed class action settlement and certified the class for settlement purposes. (DE 40).

In the present Motion, Plaintiff initially asks that I approve the proposed class action

settlement. (DE 42). Plaintiff obtained a total settlement fund of $800,000 in this action (the "Settlement Fund"). For the reasons stated in open court, I will approve this Settlement Fund.

At the hearing, I questioned whether Plaintiff Mary Mclean's (the "Class Representative") service award request and Plaintiff's attorneys' fees request was for appropriate amounts. I now discuss these issues in turn.

In the present Motion, the Class Representative requests a $7,500 service award. (DE 42 at 4-5). "The factors for determining a service award include: (1) the actions the class representatives took to protect the interests of the class; (2) the degree to which the class benefited from those actions; and (3) the amount of time and effort the class representatives expended in pursuing the litigation." *In re Checking Account Overdraft Litigation*, 830 F. Supp. 1330, 1357 (S.D. Fla. 2011) (citing *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998)). According to the present Motion, Plaintiff contends that the requested service award is appropriate because it adequately compensates the "Class Representative for her time and effort in the Action, including producing documents and sitting for a deposition." (DE 42 at 4-5).

At the hearing, Plaintiff's attorneys represented that, based upon current claim rates, each class member will likely receive an $1,800 payment. That means that, if approved, the Class Representative would receive just over four times what other class members will receive. I do not find such an award to be appropriate simply because the Class Representative produced unspecified documents and sat for a single deposition. Instead, I will award the Class Representative a $5,000 Service Award.

As for attorney's fees, Plaintiff's attorneys request 33% of the Settlement Fund, which is $264,000. (DE 42 at 14). In these cases, attorneys' fees are awarded under either the percentage method or the lodestar method. Under either method, courts consider similar factors when

2

determining whether the requested fee is appropriate. *See, e.g.*, *Camden I Condominium Ass'n, Inc. v. Dunkle*, 946 F.2d 768, 772 n.3, 775 (11th Cir. 1991) (citing several of the factors utilized in this analysis, including for example "the time and labor required," and "the novelty and difficulty of the questions involved.").

In this case, Plaintiff's attorneys' fees request utilizes the percentage method. "There is no hard and fast rule mandating a certain percentage of a common fund which may reasonably be awarded as a fee because the amount of any fee must be determined upon the facts of each case." *Camden*, 946 F.2d at 774. However, in this circuit, "courts typically award between 20–30%" of the Settlement Fund, which is "known as the benchmark range." *In re Home Depot Inc.*, 931 F.3d 1065, 1076 (11th Cir. 2019).

I find the lower part of this benchmark range to be appropriate in this case. This conclusion is based upon the fact that Plaintiff's attorneys represented (at the hearing) that they have billed a little over $119,000 in litigating this matter. The attorneys also stated that they have incurred around $15,000 in costs and will not separately be requesting costs. As a result, the total attorneys' fees and costs for this matter is around $134,000. This amount is still $26,000 less than the lower portion of the benchmark range ($160,000).

In addition, I find that the complexity of the case does not justify awarding attorneys' fees in excess of the lower portion of the benchmark range. This is a relatively routine TCPA action which would have involved litigating the typical TCPA claim and associated defenses. For example, at the hearing, Defendant represented that it intended to raise the common defense that class members consented to receiving the text messages regarding Defendant's products.

For these reasons, I will grant the attorneys' fees request in part. Instead of awarding Plaintiff's attorneys the requested 33% of the Settlement Fund, I will award them 20%, resulting

in a total attorneys' fees award of $160,000 (20% x 800,000).

Accordingly, it is hereby **ORDERED and ADJUDGED** that:

1. Plaintiff's and Class Counsel's Unopposed Motion for Final Approval of Class Settlement and Application for Service Award and Attorneys' Fees (DE 42) is **GRANTED IN PART.**

2. The Settlement Fund of $800,000 is **APPROVED.**

3. The Class Representative is **AWARDED** a Service Award of $5,000.

4. Attorneys' fees in the amount of $160,000 are **AWARDED.**

5. A final approval order will be entered by separate order.

**SIGNED** in Chambers at West Palm Beach, Florida, this ___6___ day of December, 2019.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE