UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-81222-DMM

MARY MCLEAN, individually and
on behalf of all others similarly
situated,

        Plaintiff,

v.

BRETT A. OSBORN, D.O., PLLC,
a professional limited liability company,

        Defendant.
_____/

## FINAL APPROVAL ORDER

On August 19, 2019, the Court granted preliminary approval to the proposed class action settlement set forth in the Settlement Agreement and Release (the "Settlement Agreement") between Plaintiff Mary Mclean ("Plaintiff"), on behalf of herself and all members of the Settlement Class[1], and Defendant Brett A. Osborn, D.O., PLLC ("Defendant") (collectively, the "Parties"). The Court also provisionally certified the Settlement Class for settlement purposes, approved the procedure for giving Class Notice to the members of the Settlement Class, and set a Final Approval Hearing to take place on December 5, 2019.

On December 5, 2019, the Court held a duly noticed Final Approval Hearing to consider: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate; (2) whether a judgment should be entered dismissing the Plaintiff's Complaint on the merits and with prejudice in favor of Defendant and against all persons or entities who are Settlement Class Members herein who have not requested exclusion from the Settlement Class; and

---

[1] Unless otherwise defined, capitalized terms herein have the definitions found in the Settlement Agreement.

(3) whether and in what amount to award counsel for the Settlement Class as Attorneys' Fees and Expenses and whether and in what amount to award a Service Award to Plaintiff.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

**I.    JURISDICTION OF THE COURT**

1.  The Court has personal jurisdiction over the parties and the Settlement Class Members, venue is proper, and the Court has subject matter jurisdiction to approve the Agreement, including all Exhibits thereto, and to enter this Final Approval Order. Without in any way affecting the finality of this Final Approval Order, this Court hereby retains jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and of this Final Approval Order, and for any other necessary purpose.

2.  The Settlement Agreement was negotiated at arm's length by experienced counsel who were fully informed of the facts and circumstances of this litigation (the "Action") and of the strengths and weaknesses of their respective positions. The Settlement Agreement was reached after the Parties had engaged in mediation and extensive settlement discussions and after the exchange of formal information, including information about the size and scope of the Settlement Class. Counsel for the Parties were therefore well positioned to evaluate the benefits of the Settlement Agreement, taking into account the expense, risk, and uncertainty of protracted litigation.

3.  The Court finds that the prerequisites for a class action under Fed. R. Civ. P. 23 have been satisfied for settlement purposes in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Plaintiff are typical of the claims of the Settlement Class he seeks to represent; (d) Plaintiff has and will continue to fairly and adequately

represent the interests of the Settlement Class for purposes of entering into the Settlement Agreement; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; (f) the Settlement Class is ascertainable; and (g) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

## II. CERTIFICATION OF SETTLEMENT CLASS

4. Pursuant to Fed. R. Civ. P. 23, this Court hereby finally certifies the Settlement Class, as identified in the Settlement Agreement.

## III. APPOINTMENT OF CLASS REPRESENTATIVES AND CLASS COUNSEL

5. The Court finally appoints Scott A. Edelsberg of Edelsberg Law, P.A.; Andrew J. Shamis of Shamis and Gentile, P.A.; and Manuel S. Hiraldo of Hiraldo P.A; as Class Counsel for the Settlement Class.

6. The Court finally designates Plaintiff as the Class Representative.

## IV. NOTICE AND CLAIMS PROCESS

7. The Court makes the following findings on notice to the Settlement Class:

(a) The Court finds that the distribution of the Class Notice, as provided for in the Settlement Agreement, (i) constituted the best practicable notice under the circumstances to Settlement Class Members, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of, among other things, the pendency of the Action, the nature and terms of the proposed Settlement, their right to object or to exclude themselves from the proposed Settlement, and their right to appear at the Final Approval Hearing, (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice, and (iv) complied fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable law.

(b)     The Court finds that the Class Notice and methodology set forth in the Settlement Agreement, the Preliminary Approval Order, and this Final Approval Order (i) constitute the most effective and practicable notice of the Final Approval Order, the relief available to Settlement Class Members pursuant to the Final Approval Order, and applicable time periods; (ii) constitute due, adequate, and sufficient notice for all other purposes to all Settlement Class Members; and (iii) comply fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable laws.

## V.     FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT

8.     The Settlement Agreement is finally approved in all respects as fair, reasonable and adequate. The terms and provisions of the Settlement Agreement, including all Exhibits thereto, have been entered into in good faith and are hereby approved as fair, reasonable, and adequate as to, and in the best interests of, each of the Parties and the Settlement Class Members.

## VI.    ADMINISTRATION OF THE SETTLEMENT

9.     The Parties are hereby directed to implement the Settlement Agreement according to its terms and provisions. The Administrator is directed to provide Claim Settlement Payments to those Settlement Class Members who submit valid, timely, and complete Claims.

10.    The Court hereby approves Class Counsel's request for attorney fees and awards Class Counsel as reasonable attorneys' fees, costs, and expenses, which consists of 20% of the Settlement Fund. The Court finds that the requested fees and costs are reasonable under the percentage of the fund for the reasons set forth herein and for the reasons articulated in my Order (DE 45). The award of attorneys' fees and costs to Class Counsel shall be paid from the Settlement Fund within the time period and manner set forth in the Settlement Agreement.

11. The Court hereby awards Class Counsel for their time incurred and expenses advanced. The Court has concluded that: (a) Class Counsel achieved a favorable result for the Class by obtaining Defendant's agreement to make significant funds available to Settlement Class Members, subject to submission of valid claims by eligible Settlement Class Members; (b) Class Counsel devoted substantial effort to pre- and post-filing investigation, legal analysis, and litigation; (c) Class Counsel prosecuted the Settlement Class's claims on a contingent fee basis, investing significant time and accumulating costs with no guarantee that they would receive compensation for their services or recover their expenses; (d) Class Counsel employed their knowledge of and experience with class action litigation in achieving a valuable settlement for the Settlement Class, in spite of Defendant's possible legal defenses and its experienced and capable counsel; (3) Class Counsel have standard contingent fee agreements with Plaintiff, who has reviewed the Settlement Agreement and been informed of Class Counsel's fee request and has approved; and (f) the Notice informed Settlement Class Members of the amount and nature of Class Counsel's fee and cost request under the Settlement Agreement, Class Counsel filed and posted their Petition in time for Settlement Class Members to make a meaningful decision whether to object to the Class Counsel's fee request, and zero Settlement Class Member(s) objected.

12. Consistent with my prior Order (DE 45), Class Counsel are hereby awarded $160,000 in attorneys' fees, which is 20% of the Settlement Fund.

13. Consistent with my prior Order, the Court awards a Service Award in the amount of $5,000.00 to Mary Mclean payable pursuant to the terms of the Settlement Agreement.

## VII. RELEASE OF CLAIMS

14. Upon entry of this Final Approval Order, all members of the Class who did not validly and timely submit Requests for Exclusion in the manner provided in the Agreement shall, by operation of this Final Approval Order, have fully, finally and forever released, relinquished

and discharged Defendant and the Released Parties from the Released Claims as set forth in the Settlement Agreement.

15. Furthermore, all members of the Class who did not validly and timely submit Requests for Exclusion in the manner provided in the Agreement are hereby permanently barred and enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in, conducting or continuing, either directly or in any other capacity, either individually or as a class, any action or proceeding in any court, agency, arbitration, tribunal or jurisdiction, asserting any claims released pursuant to the Settlement Agreement, or seeking an award of fees and costs of any kind or nature whatsoever and pursuant to any authority or theory whatsoever, relating to or arising from the Action or that could have been brought in the Action and/or as a result of or in addition to those provided by the Settlement Agreement.

16. The terms of the Settlement Agreement and of this Final Approval Order, including all Exhibits thereto, shall be forever binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits maintained by Plaintiff and all other Settlement Class Members, as well as their heirs, executors and administrators, successors, and assigns.

17. The Releases, which are set forth in Section V of the Settlement Agreement, are expressly incorporated herein in all respects and are effective as of the date of this Final Approval Order; and the Released Parties (as that term is defined in the Settlement Agreement) are forever released, relinquished, and discharged by the Releasing Persons (as that term is defined in the Settlement Agreement) from all Released Claims (as that term is defined in the Settlement Agreement).

(a) The Settlement Agreement and Releases do not affect the rights of Settlement Class Members who validly and timely submitted a Request for Exclusion from the Settlement.

(b) The administration and consummation of the Settlement as embodied in the Settlement Agreement shall be under the authority of the Court. The Court shall retain jurisdiction to protect, preserve, and implement the Settlement Agreement, including, but not limited to, enforcement of the Releases. The Court expressly retains jurisdiction in order to enter such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement Agreement.

(c) The Settlement Agreement shall be the exclusive remedy for any and all Settlement Class Members, except those who have properly requested exclusion (opted out), and the Released Parties shall not be subject to liability or expense for any of the Released Claims to any Settlement Class Member(s).

(d) The Releases shall not preclude any action to enforce the terms of the Settlement Agreement, including participation in any of the processes detailed therein. The Releases set forth herein and in the Settlement Agreement are not intended to include the release of any rights or duties of the Settling Parties arising out of the Settlement Agreement, including the express warranties and covenants contained therein.

18. Plaintiff and all Settlement Class Members who did not timely exclude themselves from the Settlement Class are, from this day forward, hereby permanently barred and enjoined from directly or indirectly: (i) asserting any Released Claims in any action or proceeding; (ii) filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise), any lawsuit based on or relating to any of the Released Claims or the facts and circumstances relating thereto; or (iii) organizing any Settlement Class Members into a separate class for purposes of pursuing as a purported class action any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on or relating to any of the Released Claims.

## VIII. NO ADMISSION OF LIABILITY

19. Neither the Settlement Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein, nor this Final Approval Order, nor any of its terms and provisions, shall be:

(a) offered by any person or received against Defendant or any Released Party as evidence of, or construed as or deemed to be evidence of, any presumption, concession, or admission by Defendant of the truth of the facts alleged by any person, the validity of any claim that has been or could have been asserted in the Action or in any other litigation or judicial or administrative proceeding, the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing by Defendant or any Released Party;

(b) offered by any person or received against Defendant or any Released Party as evidence of a presumption, concession, or admission of any fault or violation of any law by Defendant or any Released Party; or

(c) offered by any person or received against Defendant or any Released Party as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing in any civil, criminal, or administrative action or proceeding.

## IX. OTHER PROVISIONS

20. This Final Approval Order and the Settlement Agreement (including the Exhibits thereto) may be filed in any action against or by any Released Party (as that term is defined herein and the Settlement Agreement) to support a defense of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

21. Without further order of the Court, the Settling Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement.

22. In the event that the Effective Date does not occur, this Final Approval Order shall automatically be rendered null and void and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void. In the event that the Effective Date does not occur, the Settlement Agreement shall become null and void and be of no further force and effect, neither the Settlement Agreement nor the Court's Orders, including this Order, shall be used or referred to for any purpose whatsoever, and the Parties shall retain, without prejudice, any and all objections, arguments, and defenses with respect to class certification, including the right to argue that no class should be certified for any purpose, and with respect to any claims or allegations in this Action.

23. This Action, including all individual claims and class claims presented herein, is hereby dismissed on the merits and with prejudice against Plaintiff and all other Settlement Class Members, without fees or costs to any party except as otherwise provided herein.

**SIGNED** in Chambers at West Palm Beach, Florida, this _6_ day of December, 2019.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE